NOT DESIGNATED FOR PUBLICATION

No. 115,765

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LUCIANO M. SALAZAR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed December 9, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*:  Luciano M. Salazar appeals the district court's decision revoking his probation and ordering him to serve his underlying sentence. We granted Salazar's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.

On June 27, 2014, Salazar pled no contest to two counts of domestic battery and one count of criminal threat. On August 13, 2014, the district court sentenced Salazar to 7 months' imprisonment for criminal threat and a total of 10 months in jail for the two misdemeanor counts of domestic battery, all counts running consecutively. The district court placed Salazar on probation with community corrections for 12 months.

1

A motion to revoke probation was subsequently filed alleging that Salazar had violated his probation by committing a new felony in Arizona and also by failing to report as directed and by failing to submit to a urinalysis. At a hearing on March 9, 2016, Salazar stipulated to the probation violations, including the commission of a new crime. The district court revoked Salazar's probation and ordered him to serve his underlying sentence. Salazar timely appealed.

On appeal, Salazar contends that the district court "abused its discretion by revoking probation and ordering execution of the underlying sentence." He acknowledges that the decision to revoke probation rests within the district court's sound discretion.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

K.S.A. 2015 Supp. 22-3716(c)(8) provides that if the offender commits a new felony or misdemeanor while on probation, the district court may revoke probation without having previously imposed an intermediate sanction. Because Salazar committed a new felony while on probation, the district court was not required to consider an intermediate sanction before revoking Salazar's probation. The district court's decision to revoke Salazar's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude

2

the district court did not abuse its discretion in revoking Salazar's probation and ordering him to serve his underlying sentence.

Affirmed.